## M. KIERSKI v. H. O. MATHEWS.

TREASURY NOTES—LEGAL TENDER.—The Act of Congress passed February 25th, 1862, making the notes issued thereunder a legal tender in payment of private debts, is constitutional.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The facts are stated in the opinion of the Court.

*H. O. Beatty,* for Appellant.

*A. M. Heslep,* for Respondent.

By the Court, CURREY, J.

This is an action for the recovery of the amount due from the defendant to the plaintiff on two promissory notes, both of which were made and delivered on the 17th day of May, 1862, and both of which are for the payment of money without specifying of what quality or kind. The defendant, by his answer, admitted the making and delivery of the notes, and then further answered, pleading a tender of the sum due on the same in "United States legal tender notes, commonly denominated greenbacks," except ten dollars, which was tendered in gold and silver; and also pleaded facts showing that he had kept his tender good; and with his answer he brought and paid the money into Court for the plaintiff.

To the affirmative matter so pleaded, the plaintiff demurred, alleging the same to be insufficient in law, and as constituting no defense.

"1st. Because the facts stated do not constitute a tender.

"2d. Because legal tender notes or greenbacks are not money."

The Court sustained the demurrer, and the defendant excepted. The plaintiff then applied for judgment upon the complaint and answer as they then stood, whereupon judgment was rendered and entered in favor of the plaintiff against the defendant for the amount due by said notes, and also for the costs of the action. From this judgment the defendant has appealed, and the only question now to be determined is, as to the sufficiency of the tender pleaded by the defendant, and this rests entirely upon the validity and binding obligation

of the Act of Congress passed February 25, 1862, by authority of which said legal tender notes were made lawful money and a legal tender in the payment of private debts. In the case of *Lick* v. *Faulkner*, (*ante*, 405,) we considered this subject at length, and upon the reasoning and authority of that case we hold that the tender made was sufficient, and the Court erred in sustaining the demurrer and in rendering judgment against the defendant for a sum exceeding the amount tendered and for the costs of the action. Upon the case as disclosed by the record, the plaintiff was entitled to judgment against the defendant for the sum tendered, and the defendant was entitled to judgment against the plaintiff for his costs in the action.

The judgment is reversed and the cause remanded, with directions to the Court below to render judgment in accordance with this opinion.